**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GULF-TO-BAY ANESTHESIOLOGY
ASSOCIATES, LLC,

    Plaintiff,

v.                                                         Case No: 8:20-cv-2964-CEH-SPF

UNITED HEALTHCARE OF
FLORIDA, INC., UNITED
HEALTHCARE INSURANCE
COMPANY, UMR, INC. and
MULTIPLAN, INC.,

    Defendants.
_____

## **ORDER**

This matter is before the Court on the Court's Order to Show Cause (Doc. 17) and Defendant Multiplan, Inc.'s ("MultiPlan") Response to Order to Show Cause (Doc. 26). On December 31, 2020, this Court directed MultiPlan, the removing Defendant, to show cause why this case should not be remanded for lack of subject matter jurisdiction. Doc. 17. In its response, MultiPlan claims this court has jurisdiction over the action involving benefit claims under section 502(a) of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq*. ("ERISA") and Federal Employees Health Benefits Act, as amended, 5 U.S.C. § 8901, *et seq*. ("FEHBA"). The Court finds the Complaint does not allege any federal cause of action and complete preemption does not exist under ERISA or the FEHBA

as to Plaintiff's claims. Accordingly, the Court's subject matter jurisdiction is lacking and this matter is due to be remanded.

I.  BACKGROUND

This action arises out of a dispute over rates of reimbursement paid by Defendant health care insurance companies, United Healthcare of Florida, Inc., United Healthcare Insurance Co., and UMR, Inc. (collectively "United Defendants"), to the physician practice, Plaintiff Gulf-to-Bay Anesthesiology Associates, LLC ("Gulf-to-Bay"). Doc. 1-2. Defendant MultiPlan is not a health insurer nor is it regulated by the Florida Office of Insurance Regulation. *Id.* ¶ 24. MultiPlan is a cost management company that promotes to insurers its Data iSight program as a way to value medical claims and contain costs. *Id.* ¶¶ 137–140. The action was initiated by Gulf-to-Bay in the Circuit Court for Hillsborough County, Florida on November 2, 2020. Doc. 1-2. Gulf-to-Bay is comprised of board-certified anesthesiologists and certified registered nurse anesthetists who are the exclusive providers of anesthesia care for surgical and pain management services at over twenty healthcare facilities in Central Florida. *Id.* ¶ 1.

Since May 21, 2017, Gulf-to-Bay has not been a participating provider with any United Defendant. *Id.* ¶ 30. Despite its out-of-network status, Gulf-to-Bay has provided medically necessary anesthesiology services to United Defendants' members. *Id.* ¶ 32. As an out-of-network provider, Gulf-to-Bay has not agreed to accept discounted reimbursement rates from the United Defendants. *Id.* ¶ 33. Notwithstanding, the United Defendants began reimbursing Gulf-to-Bay for services

to its members at significantly reduced reimbursement rates, to which Gulf-to-Bay never agreed. Gulf-to-Bay alleges that the discounted payments are unlawful under Florida law. *Id.* ¶ 34.

Gulf-to-Bay sued the United Defendants and MultiPlan (collectively "Defendants") in a five-count complaint asserting claims for violation of the Florida Racketeer Influenced and Corruption Organization Act, Fla. Stat. § 895.03(4) ("RICO") (Count I); conspiracy to violate Florida RICO (Count II); violation of the Civil Remedies for Criminal Practices Act, Fla. Stat. § 772.103(3) ("CRCPA") (Count III); conspiracy to violate CRCPA (Count IV); and violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq*. ("FDUTPA") (Count V). The Complaint asserts only state law causes of action. Doc. 1-2.

On December 11, 2020, MultiPlan removed this action, with the consent of the United Defendants, from state court to this court. Docs. 1, 1-3. MultiPlan alleges removal is based on federal question jurisdiction because "certain state law causes of action . . . relate to self-funded employee health and welfare benefit plans and therefore arise under and are subject to federal law pursuant to [ERISA]." Doc. 1 ¶ 1. MultiPlan then alleges the Court's original jurisdiction is based on ERISA's complete preemption.[1] *Id.* ¶ 2. MultiPlan submits that, to the extent complete preemption does not apply to all claims because some of the plans are non-ERISA plans, the Court

---

[1] MultiPlan does not raise FEHBA preemption as a basis for the court's jurisdiction in its notice of removal. *See* Doc. 1.

should exercise supplemental jurisdiction over the remaining claims because they arise from the same facts and circumstances. Doc. 1 at 17.

On December 31, 2020, the Court ordered MultiPlan to show cause why this case should not be remanded as being improvidently removed. Doc. 17. In its response to the Court's order to show cause, MultiPlan argues that Plaintiff's Complaint challenges the payment of partially paid and denied claims, which require the interpretation and enforcement of ERISA plans and are subject to ERISA preemption. Doc. 26. Second, MultiPlan argues that the Complaint challenges the payment of benefit claims under plans governed by the FEHBA, which contains a preemption provision, 5 U.S.C. § 8902(m)(1).

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see* U.S. CONST. art. III. § 2. Federal question jurisdiction is a proper basis for a defendant to remove a civil action to federal court. *See* 28 U.S.C. § 1441(a). The presence or absence of a federal question is governed under the "well-pleaded complaint" rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The removing party bears the burden of showing the existence of federal subject matter jurisdiction. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998).

## III. DISCUSSION

MultiPlan removed this action to federal court predicating the Court's subject matter jurisdiction on the existence of a federal question. When evaluating whether a case arises under federal law for purposes of removal, this Court "is guided by the 'well-pleaded complaint' rule, which provides that the plaintiff's properly pleaded complaint governs the jurisdictional determination." *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999) (citing *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908)); *see Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("[T]he question whether a claim 'arises under' federal law [for purposes of removal] must be determined by reference to the 'well-pleaded complaint.'"). Here, it is undisputed that Gulf-to-Bay has alleged purely state law causes of action. Gulf-to-Bay is the master of its Complaint and may prevent removal by choosing not to allege a federal claim. *Blab*, 182 F.3d at 854. Because Gulf-to-Bay alleges only state law claims, there is no jurisdiction under the well-pleaded complaint rule. Notwithstanding, MultiPlan urges that ERISA and FEHBA preemption supply the basis for this Court's subject matter jurisdiction.

### A. FEHBA

MultiPlan argues FEHBA preempts all state law claims falling within its civil enforcement provisions, and such preemption creates a federal question. Doc. 26 at 23. Specifically, MultiPlan argues that Gulf-to-Bay is seeking payment for "hybrid" claims under some FEHBA-governed health plans. But review of Gulf-to-Bay's Complaint reveals it does not reference hybrid claims, nor FEHBA health plans. And,

in fact, MultiPlan's response acknowledges it merely presumes some FEHBA plans are at issue. *See* Doc. 26 at 23–24.

In relevant part, 5 U.S.C. § 8902 provides:

> The terms of any contract under this chapter which relate to the nature, provision, or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans.

5 U.S.C.A. § 8902(m)(1). It is obvious here that MultiPlan is raising the application of FEHBA as a defense to Gulf-to-Bay's claims. It is widely recognized, however, that "the presence of a federal defense does not make the case removable, even if the defense is preemption and even if the validity of the preemption defense is the only issue to be resolved in the case." *Blab*, 182 F.3d at 854 (citing *Caterpillar*, 482 U.S. at 393); *see also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (holding that "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense").

Complete preemption occurs when "the pre-emptive force of a statute is so 'extraordinary' that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar*, 482 U.S. at 393. While the doctrine of complete preemption does allow for "a narrowly drawn means of assessing federal removal jurisdiction," *Blab*, 182 F.3d at 854, only limited applications of the doctrine have been seen in the case law. "The Supreme Court has admonished that federal law should be found to completely preempt state law 'only in statutes with extraordinary preemptive force.'" *Dunlap v. G&L Holding*

*Grp., Inc.*, 381 F.3d 1285, 1291 (11th Cir. 2004) (citation and some internal quotations omitted). In fact, "the Supreme Court has identified only three statutes that completely preempt related state-law claims: (1) § 301 of the Labor Management Relations Act, 29 U.S.C. § 185; (2) § 1132 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*; and (3) §§ 85 and 86 of the National Bank Act, 12 U.S.C. § 21 *et seq.*" *Dunlap*, 381 F.3d at 1291; *see Avco Corp. v. Aero Lodge No.* 735, 390 U.S. 557 (1968) (LMRA claim), and *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 23–24 (1983) (ERISA claim); *see also Cmty. State Bank v. Strong*, 651 F.3d 1241, 1260 n.16 (11th Cir. 2011) ("Complete preemption is a rare doctrine . . . .").

The FEHBA is not one of the statutes recognized by the courts as converting an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. And MultiPlan fails to cite to this Court any legal authority demonstrating complete preemption extends to the FEHBA and Plaintiff's claims.

**B.     ERISA**

On the other hand, ERISA is one of the few federal statutes that can so "wholly displace[] the state-law cause of action through complete preemption." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. This

claim is then removable under 28 U.S.C. § 1441(b), which authorizes any claim that 'arises under' federal law to be removed to federal court." *Id.*

To determine whether the claims here are completely preempted by ERISA, the court applies the two-prong test articulated by the Supreme Court in *Aetna Health Inc. v. Davila*. *See Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1344-45 (11th Cir. 2009) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)). Under *Davila*, ERISA completely preempts a state-law claim if: (1) a plaintiff, "at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B),"[2] and (2) "there is no other independent legal duty that is implicated by a defendant's actions." 542 U.S. 200, 210 (2004).

Applying this test to the facts here, the Court concludes MultiPlan cannot make it past the first prong. This first step of the *Davila* test is satisfied "if two requirements are met: (1) the plaintiff's claim must fall within the scope of ERISA; and (2) the plaintiff must have standing to sue under ERISA." *Conn. State Dental Ass'n*, 591 F.3d at 1350 (citing *Davila*, 542 U.S. at 211–12). The Eleventh Circuit has explained there are claims challenging the *rate of payment* under a provider-insurer agreement and those challenging the *right of payment* under the terms of an ERISA beneficiary's plan. *Id.* at 1350–51; *see also Borrero v. United Healthcare of N.Y.*, 610 F.3d 1296, 1302 (11th Cir. 2010). "[A] 'rate of payment' challenge does not necessarily implicate an ERISA plan,

---

[2] This section of ERISA provides a private right of action to plan participants and beneficiaries. *See* 29 U.S.C. § 1132(a)(1)(B).

8

but a challenge to the 'right to payment' under an ERISA plan does. *Borrero*, 610 F.3d at 1302 (citing *Conn. State Dental*, 591 F.3d at 1350–51).

In an effort to implicate ERISA, MultiPlan attempts to recast Gulf-to-Bay's claims as "hybrid" claims, part of which are within § 502(a) and part of which are beyond the scope of ERISA. *See Conn. State Dental*, 591 F.3d at 1351. But a thorough reading of Gulf-to-Bay's Complaint reveals this case is about the amount of reimbursement and is not about denied benefits. Specifically, Gulf-to-Bay complains about being dramatically underpaid, rates far lower than usual and customary provider charges, slashed reimbursement rates, drastically reduced payments, substantially reduced reimbursement rates, drastic payment cuts, underpayments, extraordinarily deficient reimbursement rates, inadequately reimbursed claims, artificially low amounts, incentivized artificially low payments, underpaid claims, and manipulated reimbursement rates. *See* Doc. 1-2, ¶¶ 7–9, 33, 40, 45, 60, 65–68, 71, 72, 88, 104, 106, 109, 124, 144, 145, 180, 221, 232, 250, 251, 296, 331. This case is not about a denial of benefits. Indeed, Gulf-to-Bay explicitly alleges:

> For clarity, the Claims do not relate to or involve [Gulf-to-Bay's] right to payment, which Defendants do not contest, but rather the rate of payment [Gulf-to-Bay] is entitled to receive for its services. **This action does not include any claims in which benefits were denied**, nor does it challenge any coverage determinations under any health plan that may be subject to the Employee Retirement Income Security Act of 1974.

Doc. 1-2, ¶ 13 (emphasis added). In fact, Gulf-to-Bay previously sued these Defendants for inadequate reimbursement of out-of-network claims for the time period from May

9

21, 2017 through February 29, 2020, in the case styled *Gulf-to-Bay Anesthesiology Associates, LLC v. UnitedHealthcare of Florida, Inc. and UnitedHealthcare Insurance Co.*, Case No.: 17-CA-011207, in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. Doc. 1-2, ¶ 14. The claims at issue in the instant litigation are for alleged inadequate reimbursements for the period of time commencing March 1, 2020 and forward. *Id.* Of note, the prior Gulf-to-Bay case was removed to federal court and thereafter remanded for lack of subject matter jurisdiction because Gulf-to-Bay's claims in that action were not subject to ERISA complete preemption. *See* Doc. 23, Case No. 18-cv-233-T-17AAS (M.D. Fla. July 20, 2018).

There is no difference between Gulf-to-Bay's claims for inadequate reimbursements for the period from May 21, 2017 through February 29, 2020, and the claims for inadequate reimbursements asserted here from March 1, 2020, forward. The claims asserted involve underpayment, *i.e.*, the rate of payment, and therefore would not be considered a claim that falls within the scope of ERISA. *See Borrero*, 610 F.3d at 1302. As Gulf-to-Bay's claims fall outside the scope of section 502(a) of ERISA, no further analysis under *Davila* is warranted. *Orthopaedic Care Specialists, P.L. v. Blue Cross & Blue Shield of Fla., Inc.*, No. 12-81148-CIV, 2013 WL 12095594, at *2 (S.D. Fla. Mar. 5, 2013) (finding the *Davila* analysis ends where defendant failed to meet its burden of satisfying the first part of the *Davila* test that Plaintiff's claims fall within the scope of ERISA § 502(a), and concluding the court therefore need not address standing or whether there exists another legal duty to support plaintiff's claims).

## IV. CONCLUSION

MultiPlan's efforts to recast Gulf-to-Bay's claims as falling with the scope of section 502(a) of ERISA fail. Gulf-to-Bay's claims for inadequate reimbursement do not arise under federal law and neither ERISA nor FEHBA preemption applies. As the removing party, MultiPlan bears the burden of establishing the existence of federal subject matter jurisdiction. MultiPlan has failed to meet its burden, and this action is due to be remanded to state court for lack of subject matter jurisdiction.

Accordingly, it is hereby

**ORDERED:**

1. This case is **REMANDED** to the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

2. The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Thirteenth Judicial Circuit Court, in and for Hillsborough County, Florida.

3. The Clerk is further directed to terminate any pending deadlines and close this case.

**DONE** and **ORDERED** in Tampa, Florida on April 30, 2021

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties